RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
101 E. Front Street, Suite 400
Missoula, MT 59802
Phone: (406) 829-3327
FAX: (406) 542-1476
Email: Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 24- 25 -H-BMM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | (Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*) |
| MOLD WRANGLERS, INC., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Ryan G. Weldon, Assistant United States Attorneys for the District of Montana, and the defendant company, Mold Wranglers, Inc., by and through its representative, Jonathon Carpenter, and the defendant company's attorney, Scott Hilderman, have agreed upon the following:

AUSA   DEF   ATTY   Date                                    Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant company agrees to plead guilty to the sole count in the information. The sole count charges the crime of conspiracy to defraud the government with false claims. Because the defendant is a company, the offense charged in the information carries a maximum punishment of a $500,000 fine.

The defendant also agrees to be responsible for complete restitution, regardless if a count or counts are not charged in the information. 18 U.S.C. § 3663(a)(3).

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*. The defendant company acknowledges that the agreement will be fulfilled provided the United States makes the recommendations provided below. The defendant company understands that, if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the parties.

AUSA   DEF   ATTY   Date                                                Page 2

4. **Admission of Guilt:** The defendant company will plead guilty because the defendant company is guilty of the sole count contained in the information. In pleading guilty, the defendant company acknowledges that:

**First**, the defendant and at least one other person made an agreement to commit the crime of filing a false claim, in violation of 18 U.S.C. § 287.

**Second**, the defendant knew the unlawful purpose of the agreement and joined in it with the intent to further the unlawful purpose; and,

**Third**, the agreement was to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious, or fraudulent material representation.

5. **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charged outlined in paragraph 2 above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The defendant company has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant company has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel.

(e)   If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant company, by its representative, and its defense attorneys, would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant company is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant company's guilt beyond a reasonable doubt.

(f)   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant company's guilt beyond a reasonable doubt.

(g)   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant company. The defendant company would be able to confront those government witnesses and the defendant company's attorney would be able to cross-examine them. In turn, the defendant company could present witnesses and other evidence. If the witnesses for the defendant company would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| /s/ | /s/ | /s/ | 10/24/24 |

(h) At a trial, there is a privilege against self-incrimination so that the defendant company could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant company could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant company would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant company to reversal of the conviction.

(j) The defendant company has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant company waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

The defendant company understands that by pleading guilty pursuant to this agreement, the defendant company is waiving all of the rights set forth in this paragraph. The defendant company's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of



AUSA   DEF ATTY   Date

responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7.  **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.  **Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.



AUSA    DEF    ATTY    Date

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9. **Voluntary Plea:** The defendant company and the defendant company's attorneys acknowledge that no threats, promises, or representations have been made to induce the defendant company to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the

Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

11. **Breach:** If the defendant company breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant company for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant company pursuant to this plea agreement in any such prosecution.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant company, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire

///

///

///

///

///

///

///

agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

TIMOTHY J. RACICOT
Attorney for the United States,
Acting under Authority Conferred by 28 U.S.C. § 515

_____
RYAN G. WELDON
Assistant U. S. Attorney
Date: 10/24/24

_____
MOLD WRANGLERS, INC.
Defendant Company
By: Jonathon Carpenter  *Jonathan
Date: 10/4/24

_____
SCOTT HILDERMAN
Defense Counsel
Date: 10/4/24

AUSA  DEF  ATTY  Date  10/24/24

Page 9